UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBOLDT BAYKEEPER, etc., et al., | Civil Case No. C 06 4188 CRB (JCS) |
| Plaintiffs, | PROTECTIVE ORDER |
| v. | |
| SIMPSON TIMBER COMPANY, etc., et al., | |
| Defendants. | |

On April 6, 2007, in this Action, plaintiffs moved this court for a request that defendant Patrick O'Dell produce financial information sought in plaintiffs' first set of request for production of documents to O'Dell, Nos. 7 through 9 ("Discovery Materials"). The court entered an order that defendant Patrick O'Dell produce the two most recent years of said financial information within thirty days of the date of hearing. The court further ordered that the documents be kept confidential. Accordingly, the parties proposed to the Honorable Joseph C. Spero, Magistrate Judge, United States District Court, the following protective order concerning the "Discovery Materials".

1  Good cause appearing, it is

2  1.   ORDERED that all Discovery Materials produced by defendant Patrick O'Dell be
3  kept strictly confidential.

4  2.   FURTHER ORDERED:

5  For purposes of preparation, trial and appeal of the Action, and subject to the terms,
6  conditions and restrictions of paragraph 3 of this Protective Order, Discovery Materials may be
7  disclosed only to the following persons and only to the extent such persons have a legitimate need in
8  the prosecution or defense of this Action, to know the information contained in the particular
9  discovery Materials disclosed to them:

    a.  Counsel for the Parties and law firm employees
        assisting in the preparation, prosecution, defense or
        appeal of this Action.
    b.  The parties' in-house counsel, and such other persons
        regularly employed by the Parties, who are involved in
        or consulted with respect to the prosecution, defense or
        appeal of this Action.
    c.  Employees of Parties or counsel in the Action.
    d.  Third party contractors retained to supply one or more
        of the aspects of reproducing, organizing, filing,
        storing, or retrieving data or in connection with
        designing programs for handling data or information
        connected with this Action including the performance
        of such duties in connection with the production of
        Discovery Materials in this Action or the performance
        of such duties in relation to a manual or computerized
        litigation support system.
    e.  Witnesses or potential witnesses in this Action.

|  |  |  |
|---|---|---|
| 1 | f. | Experts, consultants and private investigators retained, |
| 2 | | specially employed, or consulted by counsel concerning |
| 3 | | the preparation for and trial or appeal of this Action and |
| 4 | | their secretarial or clerical employees who are actively |
| 5 | | assisting in the preparation and trial or appeal of this |
| 6 | | Action for purposes of the retention, employment or |
| 7 | | consultation pertaining to this Action. |
| 8 | g. | Court reporters and other persons involved in the |
| 9 | | recording or transcribing of deposition or trial |
| 10 | | testimony in this Action. |
| 11 | h. | The court and any persons employed by the court whose |
| 12 | | duties require access to any information filed in |
| 13 | | connection with this Action. |

(other than 2.h.) [handwritten annotation]

14   3.   FURTHER ORDERED, except for disclosures made in a deposition, before
15   disclosure or access to the Discovery Materials is provided to any person pursuant to paragraph 2 of
16   this Protective Order, a Party or its counsel who desire to disclose such Discovery Materials shall
17   advise the persons of the provisions of this Protective Order and said persons to whom the disclosure
18   is intended to be made shall agree to the following:

|  |  |  |
|---|---|---|
| 19 | a. | To maintain the Discovery Materials in confidence; |
| 20 | b. | Not to disclose the Discovery Materials to any person to |
| 21 | | whom this Protective Order does not permit access; |
| 22 | c. | To make no copies, compilations, or summaries of the |
| 23 | | Discovery Materials or of the information contained |
| 24 | | therein, except in connection with the preparation, |
| 25 | | prosecution, defense or appeal of this Action. |
| 26 | d. | To return all copies, compilations, or summaries of the |
| 27 | | Discovery Materials, or of the information contained |
| 28 | | |

1  therein, to counsel for the Party who gave the persons
2  access thereto at the conclusion of this Action; ~~and~~
3      e.  To sign a Certification below. *pursuant to Local Rule the parties shall apply for an Order that*
4    4.  FURTHER ORDERED, all Discovery Materials used in these court proceedings shall
5  be sealed in the court records or for view in camera by the court unless otherwise agreed to, in
6  writing, by defendant Patrick O'Dell, or his attorneys, or by further order of this court.
7    5.  FURTHER ORDERED that any party may move to modify the protective order for
8  good cause shown.
9  Dated: April 24, 2007

[Signature and seal: Judge Joseph C. Spero, United States District Court, Northern District of California]

12  APPROVED AS TO FORM:

14  _____
    CHRISTOPHER A. SPROUL[1]

---

27  [1] Note: opposing counsel has given authority to file this Protective Order on behalf of both parties.

**CERTIFICATION**

I, _____, have read the foregoing Protective Order and agree to keep Discovery Material strictly confidential, and agree to comply with the terms of said Order.

Dated: _____      _____